# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31113
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2015

Lyle W. Cayce
Clerk

TAFT WILSON,

Petitioner-Appellant

v.

STEVE RADER, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-452

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Taft Wilson, Louisiana prisoner # 121857, appeals the district court's denial of his 28 U.S.C. § 2254 petition. The district court granted a certificate of appealability on Wilson's claim that the evidence was insufficient to support his jury trial conviction of simple burglary.

In reviewing the denial of § 2254 relief, we review issues of law de novo and findings of fact for clear error, applying the same deference to the state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31113

court's decision as the district court under the Antiterrorism and Effective Death Penalty Act (AEDPA). *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007). Under the AEDPA, habeas relief may not be granted with respect to a claim that was adjudicated on the merits in state court, unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). To satisfy the standards of § 2254(d), a state prisoner must show that the state court's ruling on his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The applicable standard for testing the sufficiency of the evidence in a federal habeas review of a state court conviction "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under this standard, "[a]ll credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). "[I]n challenges to state convictions under 28 U.S.C. § 2254, only *Jackson* need be satisfied, even if state law would impose a more demanding standard of proof." *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990) (footnote omitted). "Either direct or circumstantial evidence can contribute to the sufficiency of the evidence underlying the conviction." *Id.* at 287 (footnote omitted).

The evidence adduced at Wilson's trial showed that Franciscan Brother Mark Garrett directed military policemen to an area of school property where

No. 14-31113

suspicious activity was underway and that Wilson, along with his sons, was apprehended by the military policemen. The perpetrators had made entry to a structure, specifically a boiler room, where copper wire and copper pipe had been collected. Burglary tools were found in the boiler room. Brother Garrett's testimony established that he checked the property six days a week and that he had not previously seen the boiler room in that condition. Given the foregoing, the evidence was sufficient for the jury to conclude that Wilson committed the offense of simple burglary under La. Rev. Stat. Ann. 14:62(A) by making an unauthorized entry of a structure with the intent to commit a felony or theft therein, and the decision of the state court rejecting Wilson's challenge to the sufficiency of the evidence was not objectively unreasonable. *See Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011).

AFFIRMED.